UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GIACOMINO BROCCO and FRANCINE BROCCO,

                    *Plaintiff(s)*,

    -against-

EASTERN METAL RECYCLING TERMINAL LLC,
SIMS METAL MANAGEMENT LTD,
PORT AUTHORITY OF NEW YORK and NEW JERSEY,
and PORT OF NEWARK TERMINAL,

                    *Defendants*.
-------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, GIACOMINO BROCCO ("Giacomino") and FRANCINE BROCCO ("Francine") (collectively, the "Plaintiffs"), complaining of defendants EASTERN METAL RECYCLING TERMINAL LLC ("EMR"), SIMS METAL MANAGEMENT LTD. ("SIMS"), PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("Port Authority"), and PORT OF NEWARK TERMINAL ("Port of Newark") (collectively, the "Defendants"), by their attorneys, Romano & Associates, allege upon information and belief as follows:

**PARTIES**

1.    At all times hereinafter mentioned, Plaintiff GIACOMINO BROCCO, was and still is a resident of the County of Nassau, State of New York, and presently resides at 434 St. Agnes Place, Franklin Square, County of Nassau, State of New York.

2.    At all times hereinafter mentioned, Plaintiff FRANCINE BROCCO, was and still is a resident of the County of Nassau, State of New York, and presently resides at 434 St. Agnes Place, Franklin Square, County of Nassau, State of New York.

3. Upon information and belief, at all times herein mentioned, the defendant, EMR, was and is a limited liability company with a principal place of business at 206 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey.

4. Upon information and belief, at all times herein mentioned, the defendant, SIMS, was and is a foreign corporation authorized to do business in the State of New Jersey, with a principal place of business at 182 Calcutta Street, City of Newark, County of Essex, State of New Jersey.

5. Upon information and belief, at all times herein mentioned, the defendant, PORT AUTHORITY, was and is a joint municipal organization between the States of New York and New Jersey, with a principal office at 4 World Trade Center, 150 Greenwich Street, in the City, County and State of New York.

6. Upon information and belief, at all times herein mentioned, the defendant, PORT OF NEWARK, was and is a New Jersey entity with a principal place of business at 206 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey.

7. Upon information and belief, the defendant, EMR, was and is an owner, operator, manager, agent, or other responsible party for the premises known as 206 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey (the "Premises").

8. Upon information and belief, the defendant, SIMS, was and is an owner, operator, manager, agent, or other responsible party for the premises known as 182 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey (the "Premises").

9. Upon information and belief, the defendant, PORT AUTHORITY, was and is an owner, operator, manager, agent, or other responsible party for the premises known as 206 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey (the "Premises").

10. Upon information and belief, the defendant, Port of Newark, was and is an owner, operator, manager, agent, or other responsible party for the premises known as 206 Calcutta Street, in the City of Newark, County of Essex, State of New Jersey (the "Premises").

## JURISDICTION AND VENUE

11. This action is brought pursuant to the Full Faith and Credit Clause and this Court has original jurisdiction under 28 U.S.C. §1332 because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. The amount in controversy of this matter exceeds $75,000.00 exclusive of interest and costs because Plaintiffs seek damages for their physical, emotional and other injuries in the amount of Ten Million ($10,000,000.00) Dollars. Thus, the amount in controversy is satisfied for jurisdictional purposes.

13. The complete diversity requirement is satisfied because Defendants are not citizens or do not maintain places of business in the same state in which the Plaintiffs are citizens. Thus, complete diversity exists amongst all of the parties.

14. Venue is proper within this District under 28 U.S.C. §1391(b)(3) as at least one defendant is subject to the Court's jurisdiction.

## RELEVANT BACKGROUND FACTS

15. On or about February 12, 2015, at approximately 7:05 a.m., Giacomino was lawfully at the Premises.

16. At the above mentioned date, time and place, Giacomino was delivering scrap metal as an employee of Deer Park Recycling Inc.

17. At the above mentioned date, time and place, the floor of Premises was full of water, ice and other debris.

18. At the above mentioned date, time and place, the Premises lacked sufficient lighting so that Giacomino was unable to see the floor thereof.

19. At the above mentioned date, time and place, no safety managers or other persons were on-site to protect persons thereat.

20. At the above mentioned date, time, and place, due to the Premise's conditions, the truck, which Giacomino operated, was unable to properly release the scrap metal contained therein.

21. At the above mentioned date, time, and place, due to the Premise's conditions, the truck which Giacomino operated was caused to overturn.

22. That as a result of the aforementioned negligence of the Defendants in the ownership, operation and control of said premises, plaintiff has sustained severe personal injuries to his head, limbs and body, severe shock to his nervous system, and other internal injuries, and has been caused to suffer, and for a long time to come will continue to suffer, sever physical pain and mental anguish and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; that said, plaintiff was confined to a hospital, a bed, and home as a result thereof, and has caused to lose time from his vocation, and has been caused to abstain from his usual duties, and to expend monies or incur expenses or obligations for medical care and attention and medications, with further, similar expenses anticipated.

23. On November 3, Romano & Associates, on behalf of Plaintiff Giacomino, filed a timely Notice of Claim against Port Authority.

24.   A workers' compensation action against Deer Park Recycling Inc., Giacomino's employer, is pending.

## AS AND FOR A FIRST CLAIM
### (Negligence)

25.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

26.   On or about February 12, 2015, Defendants had a duty to protect Giacomino from injury at the Premises.

27.   By the above-described actions and inactions, Defendants failed to protect Giacomino from injury at the Premises.

28.   Defendants' failure to remove debris at the Premises was a proximate cause of Giacomino's injuries.

29.   Defendants' failure to allow the accumulation of water and ice at the Premises was a proximate cause of Giacomino's injuries.

30.   Defendants' failure to provide adequate lighting at the Premises was a proximate cause of Giacomino's injuries.

31.   Defendants' failure to provide safety personnel at the Premises was a proximate cause of Giacomino's injuries.

32.   As a result of Defendants' negligence, Defendants are liable to Giacomino in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A SECOND CLAIM
**(Failure to Protect)**

33. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

34. On or about February 12, 2015, Defendants had a duty to protect Giacomino from assault and battery.

35. Defendants, their agents, servants, and/or employees should have reasonably anticipated the turning over of the truck, which Giacomino was operating, due to the conditions described above.

36. Giacomino was injured due to Defendants negligently failing to anticipate the turning over of the truck which Giacomino was operating due to the conditions described above.

37. As a proximate result of Defendants' negligent failure to protect, Giacomino was caused to sustain serious physical injuries, pain and suffering, including future pain and suffering, economic loss and special damages.

38. As a result of Defendants' failure to protect Giacomino, Defendants are liable to Giacomino in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A THIRD CLAIM
**(Negligent Hiring, Training, Supervision and Retention)**

39. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

40. Defendants had the responsibility, and owed Giacomino a duty, to adequately and properly hire, train, supervise, and retain supervisors, safety managers and other employees.

41. Defendants negligently, carelessly, and recklessly hired, trained, supervised, and retained its supervisors, safety managers and other employees in that Defendants failed to properly and adequately hire, train, supervise, and retain supervisors, safety managers and other employees to reasonably anticipate the turning over of the truck which Giacomino was operating. These negligent, careless, and reckless acts and omissions were a substantial factor and a legal and proximate cause of the damages and injuries sustained by Giacomino as alleged in this Complaint.

42. As a proximate result of Defendants' negligent hiring, training, retention and supervision, Giacomino was caused to sustain serious physical injury, pain and suffering, including future pain and suffering, economic loss, and special damages.

43. As a result of Defendants' negligent hiring, training, retention and supervision, Defendants are liable to Giacomino in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A FOURTH CLAIM
### (Negligence *Per Se*)

44. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

45. By failing to provide adequate lighting, Defendants violated certain provisions of the law including, but not limited to, 29 C.F.R. §1915.82.

46. By failing to remove debris and keep the floor dry, Defendants violated certain provisions of the law including, but not limited to, 29 C.F.R. §1910.22 and §1910.141.

8

47. By failing to have on-site safety personnel, Defendants violated certain provisions of the law including, but not limited to, 29 C.F.R. §1910.120.

48. By failing to have proper medical care available to Giacomino, Defendants violated certain provisions of the law including, but not limited to, 29 C.F.R. §1910.151.

49. As detailed above, Defendants owed a duty of care to Giacomino.

50. Giacomino was in the class of persons the above statutes were designed to protect.

51. The harm suffered by Giacomino was of the type of harm these statutes were designed to protect.

52. As such, Defendants' violations of the above and other statutes constitute negligence *per se*.

53. As a result of Defendants' negligence *per se*, Defendants are liable to Giacomino in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A FIFTH CLAIM
(Loss of Consortium)

54. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

55. As a result of the foregoing injuries sustained by Giacomino, Francine has lost the services, companionship, love, affection and sexual relations enjoyed before the incident.

56. Accordingly, as a result of this loss of consortium, Defendants are liable to Francine in an amount not yet determined, but believed to be in excess of One Million ($1,000,000.00) Dollars.

## **DEMAND FOR JURY TRIAL**

57. Plaintiffs hereby demand a jury trial on all claims with respect to which they have a right to jury trial.

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

(1) On the First Claim, in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars; and

(2) On the Second Claim, in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars; and

(3) On the Third Claim, in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars; and

(4) On the Fourth Claim, in an amount not yet determined, but believed to be in excess of Ten Million ($10,000,000.00) Dollars; and

(5) On the Fifth Claim, in an amount not yet determined, but believed to be in excess of One Million ($1,000,000.00) Dollars; and

(6) An award of costs, disbursements and reasonable attorney's fees; and

(7) Such other and further relief as this court deems just and proper.

Dated: Garden City, New York
December 11, 2015

Respectfully submitted,

_____
Michael J. Romano, Esq.
ROMANO & ASSOCIATES
*Attorneys for Plaintiffs*
400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 248-8880

To: Eastern Metal Recycling Terminal LLC
206 Calcutta Street
Newark, NJ 07114

Sims Metal Management Ltd
182 Calcutta St.
Newark, NJ 07114

The Port Authority of New York
and New Jersey
4 World Trade Center
150 Greenwich Street
New York, NY 10007

Port of Newark Terminal
206 Calcutta Street.
Newark, NJ 07114

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GIACOMINO BROCCO and FRANCINE BROCCO,

        Plaintiff,

-against-    **VERIFICATION**

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
EASTERN METAL RECYCLING TERMINAL LLC
and PORT OF NEWARK TERMINAL,

        Defendants.
-------------------------------------------------------------------x

    The undersigned, Giacomino Brocco, deposes and states herein: Deponent is a plaintiff in the within action; deponent has read the foregoing Verified Complaint, and knows the contents thereof; the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

    The undersigned swears that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
       December 10, 2015

                                  /s/ Giacomino Brocco
                                  GIACOMINO BROCCO

Sworn to before me this
10    day of December, 2015

_____
Notary Public

ASHISH KAPOOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6325357
Qualified in Nassau County
My Commission Expires May 26, 2019

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GIACOMINO BROCCO and FRANCINE BROCCO,

                Plaintiff,

    -against-                                        **VERIFICATION**

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
EASTERN METAL RECYCLING TERMINAL LLC
and PORT OF NEWARK TERMINAL,

                Defendants.
-------------------------------------------------------------------x

        The undersigned, Francine Brocco, deposes and states herein: Deponent is a plaintiff in the within action; deponent has read the foregoing Verified Complaint, and knows the contents thereof; the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

        The undersigned swears that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York
       December 10, 2015

                                                    *Francine Brocco*
                                                    FRANCINE BROCCO

Sworn to before me this
10 day of December, 2015

*Jacqueline L Milana*
    Notary Public

       JACQUELINE L. MILANA
    Notary Public, State of New York
          No. 4865339
     Qualified in Nassau County
   Commission Expires July 7, 2018